Chancellor Mathews
delivered the decree of the court:
*407 It will be. unnecessary for ns to follow tbc counsel through the wide field of argument they have gone into in this cause. We think the whole case is reducible to a single point, that is, whether the neglect of recording the settlement made by 'Wilson on his marriage with one of the defendants, now Mrs. Simons, will be fatal to such settlement or not; and this must altogether depend on the construction to be given to the law of 1785, and that of 17C~, made for the amendment afilie former. The first clause of the latter law only provides against the defect of the first clause of the first law. The second clause' enjoins certain things to be done after the passing thereof, and takes not the bufet notice of such settlements as were made between tbc passing of the first and second law; and the proviso, which is 1 he last clause, is prospective, and in no part retrospective. From hence we must conclude, that as the legislature from their review of tin-law of 1785, thought proper to explain or amend only the first clause of that law, because it was “ defective and inadequate to remedy the mischiefs thereby neccfsnry to be provided against,” and have observed a profound silence with respect to the. second clause, that they were satisfied that the second clause of that law which comprehends the- cases of settlements made between the passing of the one end the other law, was adequate to the purposes of Its original intention, audleU it to its fail operation. We must therefore consider ourselves bound to construe the i cmaining part of that iiw according to what was 'their intention, however inaccurately it is expressed. From 1 his vie-v; of the subject, it would neither be decent nor allowable in us to ray that the law of 1735, might have been made morí', dear and comprehensive, than if is. The legislature have thought it sufficiently obligatory as it stood on those who came within its intention, either to conform thereto, or subject themselves to the penalty thereby to be incurred. As liso ('ase. now before us is clearly included in the second clause of the law of 1735, the settlement having been made since the passing of that law, and not being recorded within the time therein limited, the penalty oft he law is thereby incurred, and It i.; no1 pcs Able for this *408 court to apply any remedy. On the contrary, we are of opinion that the settlement under that law has become forfeited, and must be liable to the debts of Wilson, the former husband of the defendant, Mrs. Simons. As to the defendant, Mr. Simons, her present husband, having also made a settlement of the same negroes included in the first settlement on his marriage, without any notice of the claim of Wilson’s creditors on them, they not having been returned in the inventory of Wilson’s estate, that he is thereby become a fair purchaser, and ought not to be divested of the negroes contained in the said marriage settlement, we cannot place him in a better situation than Wilson would have been. The negroes were forfeited in Wilson’s life, and were subject to his debts. The law does not point out any time when the creditors are to demand the forfeited property, and it does not lay with us to animadvert on their indulgence to their debtors by not demanding it sooner; but as the property has once been forfeited by the law, we cannot restore it. Yet, as the negroes might have been demanded sooner, and Mrs. Simons was permitted to retain them in her possession, under an im • pression that they were her property, we think the law gives us so far a discretionary power, as to say that the creditors have no claim to any compensation for the work and labor of the negroes. They had a right to demand them immediately, and if they neglected to do so, it was their fault. We therefore think it would be unjust that she should incur a double penalty.
The cause of Lennox vs. Gibbes determined in this court, must be the case referred to by the preamble to the law of 1792, as no other had been previously made, and that decision was upon the first clause of the act of 1785. But as the case before us comes under the second clause of that law, the two cases are materially distinct; and for reasons already given, must be subject to different constructions. There can be no doubt about the sale of the lands.
It is therefore decreed, that the negroes in the marriage settlement contained, with their issue and increase, be delivered up to the complainant, the administrator of *409 Wilson, to be applied to the payment of bis debts. That the lands be sold by the master on a credit of one year, and the securities therefor be by him delivered over to the complainant, the administrator. But as from the forfeiture of the maiTiage settlement, the late widow, now Mrs. Simons, is restored to her right of dower in her former husband Wilson's lands, that the master do report what will be a proper allowance for her dower, if she chooses to take, such compensation,* otherwise that commissioners be appointed under the direction of this court, to assign to her her dower in the lands.--'And that the costs be paid out of the estate.